SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
MATTHEW M. SONNE, Cal. Bar No. 239110
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130
E mail          msonne@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
BRYANNE J. LEWIS, Cal. Bar No. 311763
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:    213.620.1398
E mail          blewis@sheppardmullin.com

Attorneys for Defendants
HSS SECURITY, LLC, and
HSS CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CORRALEJO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HSS SECURITY, LLC, a Delaware limited liability company; HSS CALIFORNIA, INC., a Delaware corporation; HSS, LLC, a business entity form unknown; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  5:24-cv-1104<br><br>**DEFENDANT HSS CALIFORNIA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S. §§ 1332, 1441, AND 1446**<br><br>**(CLASS ACTION FAIRNESS ACT)**<br><br>(Riverside County Superior Court Case No. CVRI2401726)<br><br>Filed concurrently with Notice of Interested Parties; Declaration of Bryan Jones and Civil Cover Sheet]<br><br>Complaint Filed:  April 2, 2024 |

-1-

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE THAT Defendant HSS CALIFORNIA, INC. ("Defendant") hereby removes the state court action *Justin Corralejo, et al. v. HSS Security, LLC, HSS CALIFORNIA, INC., and, HSS, LLC and DOES 1-100*, pending in the Superior Court of the State of California in and for the County of Riverside, Case No. CVRI2401726, to the United States District Court for the Central District of California.  Removal is based on the Class Action Fairness Act ("CAFA").  This Court has original subject matter jurisdiction over Plaintiff Justin Corralejo's ("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(d), 1441 and 1446, because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000.  Accordingly, removal is proper based on the following grounds:

I.   **STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

1.   CAFA was enacted on February 18, 2005.  In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

2.   This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: 1) the proposed class contains at least 100 members; 2) the defendant is not a state, state official or other governmental entity; 3) the total amount in controversy for all class members exceeds $5,000,000; and 4) there is diversity of citizenship between at least one class member and one defendant.  Each of these conditions were satisfied at the time this action was initiated and now at the time of removal.

-2-

SMRH:4880-4828-1024.2

3.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.      STATUS OF PLEADINGS**

4.      On April 2, 2024, Plaintiff Justin Corralejo ("Plaintiff") filed an action in the Superior Court of the State of California in and for the County of Riverside, entitled *Justin Corralejo, et al. v. HSS Security, LLC, HSS CALIFORNIA, INC., and, HSS, LLC and DOES 1-100*, Riverside County Superior Court Case No. CVRI2401726 ("Complaint").

5.      Plaintiff served HSS SECURITY, LLC and HSS CALIFORNIA, INC. with a copy of the Complaint and related documents on April 23, 2024.  Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. section 1446(b).

6.      A true and correct copy of the Complaint, Civil Case Cover Sheet, Summons (2), Notice of Department Assignment, and all other "process, pleadings, and orders" from the state court action are attached hereto as **Exhibits A through F.** *See* 28 U.S.C. § 1446(a).

7.      Plaintiff's Complaint asserts putative class claims for: (1) failure to pay overtime wages; (2) failure to pay minimum wage; (3) failure to provide meal periods; (4) failure to pay all wages upon termination; (5) failure to provide accurate wage statements; and (6) violation of the Unfair Competition Law under Business & Professions Code § 17200, *et seq.*

8.      Prior to filing this Notice of Removal, Defendants filed their Answer to the Complaint in Riverside County Superior Court and served their Answer on Plaintiff.  Attached hereto as **Exhibit G** is a true and correct copy of Defendants' Answer to the Complaint.

9.      A true and correct copy of this Notice of Removal will be filed with the Clerk of the Riverside County, California Superior Court in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties.

10.     Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), and 1391.

## III.    <u>JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED</u>

1.     Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions.").  Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exists." *Id*. at 554. Evidence is required "***only*** when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.  (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (court may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied). As the Ninth Circuit astutely stated on August 8, 2019: "When a defendant removes a case to federal court pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), how much evidence of the parties' citizenships must it provide? If the defendant's citizenship allegations are unchallenged factually, the answer is none." *Ehrman v. Cox Commc'ns, Inc.*, No. 19-55658, 2019 WL 3720013 (9th Cir. Aug. 8, 2019).

2.     The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"  *Id*.  Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 ***broadly in favor of removal***…" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended

-4-

CAFA to be interpreted expansively"). In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

**A. <u>The Case Is a Proposed Class Action with a Putative Class of At Least 100 Members, and Neither Defendant Is a State, State Official, or Government Entity</u>**

3. This action has been styled as a California class action under California Code of Civil Procedure § 382. (Compl. ¶ 1 ("This is a Class Action, pursuant to California Code of Civil Procedure § 382.").) Code of Civil Procedure § 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

4. 28 U.S.C. § 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or…the number of members of all proposed plaintiff classes in the aggregate is less than 100."

5. Neither Defendant is a state, a state official, nor a government entity.

6. Plaintiff seeks to certify a class of "all current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of the Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Compl. ¶ 20.) On the basis of its own investigation, Defendant determined there are more than 100 current and former non-exempt employees of Defendants in California during the proposed class period of April 2, 2020 through the present ("Class Period"). Therefore, the Class Period consists of at least 100 members now at the time of removal and at the institution of

SMRH:4880-4828-1024.2

this civil action. Accordingly, because there are at least 100 persons, this CAFA requirement is satisfied.  28 U.S.C. § 1332(d)(5)(B).

7.     With respect to Defendant HSS, LLC, Defendant is not aware of such entity existing. (Declaration of Bryan Jones ("Jones Decl."), ¶ 13).

### B. Minimum Diversity of Citizenship Exists Here

8.     CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

11.     CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  See 28 U.S.C. § 1332(d).

12.     Defendant is informed and believes, and on that basis alleges, that Plaintiff Justin Corralejo is a citizen of California.  Plaintiff alleges he is a resident of the State of California. (Compl. ¶ 9.)   Plaintiff also alleges that "at all relevant times herein, he has been employed by Defendants as a non-exempt employee in California. (Id.)

13.      Plaintiff's Complaint further alleges that the putative class consists of "all current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of the Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Compl. ¶ 20, (emphasis added).)

14.     For diversity purposes, a corporation is deemed to be a citizen of the

-6-

SMRH:4880-4828-1024.2

state in which it has been incorporated and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the state containing "'a substantial predominance of corporate operations.'"  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).

15. For diversity purposes, a limited liability company is deemed to be a citizen of the state under whose laws it is organized and of the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th  Cir. 2010).

16. The U.S. Supreme Court has issued clarification on the definition of a corporation's "principal place of business."  In *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010), the Supreme Court concluded that that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  The Supreme Court further clarified that, "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination."  *Hertz Corp.,* 130 S.Ct. at 1192.

17. Under the foregoing standard, the facts here clearly establish that Defendants are now at the time of this removal, and were at the institution of this civil action, citizens of Delaware and Colorado for purposes of removal.  Defendant HSS Security, LLC is organized as a limited liability company under the laws of the State of Delaware, and maintains its corporate headquarters in Denver, Colorado.  Declaration of Bryan Jones  ("Jones Decl."), ¶ 5.  Most of Defendant HSS Security, LLC's executive and administrative functions occur in the corporate headquarters, which are located in Denver, Colorado.  *Id*.  Thus, HSS Security, LLC is a foreign corporation and was so at the time this suit was filed. *See* 28 U.S.C. § 1332(c)(1).

SMRH:4880-4828-1024.2

18.    Defendant HSS California, Inc. is now at the time of this removal, and was at the institution of this civil action, a Delaware corporation with its headquarters and principal place of business in Denver, Colorado. *Id.* at ¶ 6. Most of Defendant HSS California, Inc.'s executive and administrative functions occur in the corporate headquarters, which are located in Denver, Colorado. *Id*. Thus, HSS California, Inc. is a foreign corporation and was so at the time this suit was filed. *See* 28 U.S.C. § 1332(c)(1).

19.    The citizenship of Defendants Does 1-100, which is not alleged in the Complaint, must be disregarded. *See* 28 U.S.C. § 1441(b)(1); *California ex rel. Bates v. Mortgage Elec. Registration Sys., Inc.*, No. 2:10-CV-01429-GEB-CMK, 2010 WL 2889061, at *2 (E.D. Cal. July 21, 2010) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction" by amending the removal statutes to state that "[f]or purposes of removal . . . , the citizenship of defendants sued under fictitious names shall be disregarded" (quoting *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1987) and 28 US.C. § 1441(b)). Accordingly, because there is at least minimal diversity between the parties, the second CAFA requirement is satisfied. *See id*. § 1332(d)(2).

### C. **The Amount In Controversy Exceeds The $5,000,000 Requirement Under CAFA**

20.    To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. *Id*. Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id*. § 1332(d)(6).

21.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Moreover, a defendant need not set forth evidence establishing the amount in its

notice of removal.  *Id*.  A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages."  *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).  A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal."  *Ehrman v. Cox Commc'ns, Inc.*, 2019 WL 3720013 (9th Cir. Aug. 8, 2019); *see also Dart Cherokee*, 135 S. Ct. at 547 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations").  Here, Defendant alleges there is more than $5,000,000 in controversy.

22.     CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the *aggregate* amount in controversy for all class members exceeds five million dollars ($5,000,000.00).  *See* 28 U.S.C. § 1332(d).  By demonstrating that the actual amount in controversy exceeds the threshold, Defendant does not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will recover anything.

23.     "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."  *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 80s6, 807 (9th Cir. 2017).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe") (original emphasis); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

SMRH:4880-4828-1024.2

24.     In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417 (original emphasis). *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15. These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

25.     Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy or information from which Defendant could readily ascertain the amount in controversy without independent investigation and analysis. Plaintiff's pleadings were each "indeterminate" as to whether federal jurisdiction under 28 U.S.C. § 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013).

26.     Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction. Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with

-10-

respect to any of his claims.

27. In the Complaint, Plaintiff asserts claims for damages and restitution on behalf of a proposed class of all current and former non-exempt employees employed by Defendants in California at any time during the Class Period. (Compl. ¶¶ 70-72.)

28. Defendants HSS Security, LLC and HSS California, Inc. (collectively referred to herein as "Defendants") independently determined based on their own business records that Plaintiff's proposed putative class is comprised of at least 1,353 non-exempt employees during the Class Period. *See* Jones Decl., ¶ 7. These employees worked approximately 45,080 pay periods during the Class Period. *Id.* Additionally, Defendants paid proposed putative class members at least the hourly minimum wage required by the law in California during the relevant time period. Accordingly, during the Class Period non-exempt employees were paid an average hourly base wage of at least $14.70 per hour. *Id.*, ¶ 8.

Overtime and Minimum Wage Claims

29. Plaintiff's first cause of action is for an alleged failure to pay overtime wages in alleged violation of California Labor Code § 510. (Compl. ¶ 31.) Plaintiff alleges "Plaintiff and Non-Exempt Employee Class[1] worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and were not paid overtime wages for all hours worked as a result of, including but not limited to, Defendants improperly rounding time worked by its employees." (Compl. ¶32.) Assuming, based on Plaintiff's allegations, that employees worked 15 minutes of unpaid overtime per pay period, a reasonable estimate of the amount in controversy for Plaintiff's overtime claim is at least

---

[1] The Meal Period Class is defined by Plaintiff as "all current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Compl. ¶ 20.)

SMRH:4880-4828-1024.2

approximately **$248,503** ($14.70 hourly rate x .25 hours per pay period x 45,080 pay periods x 1.5 OT premium).

30.    Plaintiff's second cause of action is for an alleged failure to pay minimum wages in in alleged violation of California Labor Code § 1194. (Compl. ¶ 40.)  Plaintiff alleges that "to the extent Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, such that in the aggregate employees are underpaid wages as a result of Defendants' pattern and practice of unevenly rounding time worked by its employees." (Compl. ¶39.)  Assuming, based on Plaintiff's allegations, that employees worked 15 minutes of unpaid non-overtime work per pay period,  a reasonable estimate of the amount in controversy for Plaintiff's minimum wage claim is at least approximately **$165,669** ($14.70 hourly rate x .25 hours per pay period x 45,080 pay periods). Plaintiff also seeks to recover liquidated damages for the alleged failure to pay minimum wages, which would equal to the amount recovered for unpaid minimum wages. (Compl. ¶ 41.)  Thus, Plaintiff would presumably seek to recover an additional **$165,669**.

Meal Periods

31.    Plaintiff's third cause of action is for an alleged failure to provide meal periods in alleged violation of "California Labor Code §§ 226.7 and 512, as well as the applicable Wage Orders of the Industrial Welfare Commission."  (Compl. ¶¶ 43-44.)  Plaintiff alleges that during the Class Period, he and "other members of the Meal Period Class[2] were on multiple occasions were not provided with requisite

---

[2] The Meal Period Class is defined by Plaintiff as "all current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 5 hours or more." (Compl. ¶ 20.)

-12-

meal periods as contemplated under the law since employees would be prevented and discouraged by workplace interruptions which caused missed, short and late meal periods." (*Id.* ¶ 43).  Plaintiff alleges "Defendants have had <u>a pattern and practice</u> of on multiple occasions failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minutes uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day."  (*Id.* ¶ 16 (emphasis added).)  Plaintiff claims he and the Meal Period Class are entitled to "premium pay for missed meal periods."  (*Id.* ¶ 47.)  Based on Plaintiff's allegations, it is reasonable to infer that Plaintiff is alleging class members were unlawfully deprived of at least one meal break per workday, entitling each to one hour of pay per workday. *See* Cal. Lab. Code § 226.7(c).

32.     Defendants independently determined based on their own business records and on the allegations within Plaintiff's Complaint that the amount in controversy for meal period premium damages is at least approximately **$1,998,028** which assumes arguendo that there were three missed meal periods per pay period per employee, which is exceedingly conservative based on Plaintiff's allegations (45,080 pay periods x 3 missed meal period per pay period x $14.70 hourly rate).

Waiting Time Penalties

33.     Plaintiff alleges that "Defendants failed to pay Plaintiff and other members of the Late Pay Class[3] all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202" and that "Defendants' failure to

---

[3] Plaintiff defines the Late Pay Class as "all current and former employees of Defendants within the State of California, to whom, at any time commencing three (3) years preceding the filing of the Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class")." (Compl. ¶ 20.)

-13-

pay…was willful." (Compl. ¶¶ 52-53.)  The penalty for failure to pay earned wages under section 203 is up to thirty days of continuing wages.  Cal. Lab. Code § 203(a). Based on Plaintiff's allegations, it is reasonable to infer that Plaintiff is alleging that all class members who were terminated or discharged at any time from April 2, 2020 to present are entitled to thirty-days of continuing wages.

34.     The statute of limitations for Plaintiff's waiting time penalties claim is three years.  Labor Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389, 1390 (2010).  Based on the three year statute of limitations, there are at least 726 non-exempt employees in California whose employment terminated between April 2, 2020 and the present.  (Jones Decl. ¶ 9.) Assuming each putative class member whose employment terminated at any time between April 2, 2020 and the present averaged a work schedule of eight hours per day, a reasonable estimate of the amount in controversy for waiting time penalties as to the putative class is approximately **$2,561,328** [$14.70 per hour * 8 hours/day *30 days * 726 former employees].

Itemized Wage Statements

35.     Plaintiff's fifth cause of action, failure to provide accurate itemized wage statements, alleges that Defendants "failed to provide Plaintiff and the other members of the Wage Statement Class[4] accurate itemized wage statements in accordance with of Labor Code § 226(a). (*Id.* ¶ 62.) Because of this alleged violation, Plaintiff alleges that he and the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a

---

[4] Plaintiff defines the Wage Statement Class as "all current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of the Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided wage statements (collectively referred to as "Wage Statement Class")."  (Compl. ¶ 20.)

-14-

subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee." (*Id.* ¶ 66.)

36.    Under Cal. Labor Code § 226(e), an employee who suffers injury as a result of an intentional and knowing failure by his or her employer to provide complete and correct wage statements may recover $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to a maximum of $4,000.

37.    The statute of limitations for California wage statement penalties is one year.  Cal. Code Civ. Proc. § 340(a).  Thus, the relevant time period alleged by Plaintiff for his wage statement penalties claim is April 2, 2023 through the present. During this period, Defendants employed at least 584 putative class members in California. (Jones Decl. ¶ 10.) During the relevant time period of April 2, 2023 to present, there were approximately 11,040 pay periods. (Jones Decl. ¶ 11.) Defendants independently determined based on their own business records and on the allegations contained within Plaintiff's Complaint that Plaintiff alleged an amount in controversy for wage statement penalties damages in the amount of at least approximately **$1,074,800** [(584 putative class members *$50 (Initial Penalty)] + [11,040 total pay periods - 584 initial pay periods] *$100 (Continuing Penalty)).

Amount in Controversy for Attorneys' Fees

38.    In addition to damages, Plaintiff and the putative class seek attorneys' fees. (Compl. ¶¶ 6, 35, 41, 47, 58, 67, 72.)  Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785 (9th Cir. 2018), the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy.  In California, where

-15-

wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to forty percent of the settlement. Moreover, the Ninth Circuit has previously used a benchmark rate of 25% of the potential damages to approximate potential attorneys' fees. *See, e.g., Molnar v. 1-800-Flowers.com, Inc.*, No. CV08-0542CAS (JCX), 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 20003).   In the class action context, courts have held that parties may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy.  *Greene v. Harley Davidson*, 2020 WL 3969285, n.4 (9th Cir. 2020); *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees").  Thus, an additional minimum amount of **$1,553,499** must be included in the amount in controversy ([at least $248,503 in alleged overtime wages + at least $331,338  in alleged minimum wages and liquidated damages + at least $1,998,028 in alleged meal period premiums + at least $2,561,328 in alleged waiting time penalties + at least $1,074,800 in alleged wage statement penalties] x 25% = $1,553,499).

39.     And the same amount for alleged attorneys' fees is in controversy using the "lodestar" method of fee computation.  *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"); *see also Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. 2013) ("California has recognized that most

-16-

fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent").

40.    If Plaintiff were to prevail on his request for class certification and recover a class-wide judgment on behalf of all California residents employed as non-employees by Defendants from April 2, 2020 through the present, then an award of money damages and attorneys' fees could easily exceed the sum of $5,000,000.  Thus, CAFA's $5,000,000 amount-in-controversy requirement is satisfied.

## D. The Exceptions to CAFA Do Not Apply

41.    Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction.  *See*, *e.g.*, *Serrano*, 478 F.3d at 1019, 1021 (holding that the party seeking to remand the case to state court bears the burden of establishing the exceptions to CAFA); *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618-19 (7th Cir. 2012); *Greenwich Fin. Serv. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010); *Preston v. Tenet Healthsys. Mem. Med. Ctr., Inc.*, 485 F.3d 804, 812-13 (5th Cir. 2007); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

42.    CAFA provides mandatory exceptions to the application of federal jurisdiction under section 1332(d)(4)-(5) and one discretionary exception to federal jurisdiction under section 1332(d)(5). *See Serrano*, 478 F.3d at 1019 (discussing CAFA exceptions).

43.    Plaintiff's Complaint makes clear that none of these exceptions applies. Each of the CAFA exceptions requires, as a starting point, either an in-state defendant, 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state defendant ("home state" and discretionary exceptions to CAFA)), or that all claims in the class action relate solely to securities or the internal governance of a business entity, *id*. § 1332(d)(5). Here, Defendants

-17-

are each a foreign corporation, and none of the claims relate to securities or internal governance. (Jones Decl. ¶¶ 5-6.) With respect to Defendant HSS, LLC, there is no proof of this entity existing, and thus, no proof of being an "in-state defendant." Therefore, none of the CAFA exceptions apply.[5]

## IV.   CONCLUSION

Because the CAFA jurisdiction requirements are met, and because the exceptions to the Court's exercise of jurisdiction do not apply, this case is properly removed.

For these reasons, Defendants respectfully request that the Court assume jurisdiction over this action.

Respectfully submitted,

Dated:  May 23, 2024          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   _____
                                MATTHEW M. SONNE
                                BRYANNE J. LEWIS

                                Attorneys for Defendants
                                HSS SECURITY, LLC and
                                HSS CALIFORNIA, INC.

---

[5] The CAFA exceptions do not apply for other reasons as well. Defendants reserve their right to address these issues in detail if Plaintiff files a motion to remand to state court.

SMRH:4880-4828-1024.2